■ STEVENS & THOMPSON PAPER COMPANY, INC., Appellant-Respondent, v NIAGARA MOHAWK POWER CORPORATION, Respondent-Appellant. [750 NYS2d 335] —Carpinello, J. Cross appeals from an order of the Supreme Court (Moynihan, Jr., J.), entered March 12, 2002 in Washington County, which partially granted plaintiff's motion for summary judgment and partially granted defendant's cross motion for summary judgment.

Pursuant to Public Service Law § 66-c (1), defendant was obligated to enter into a long-term contract for the purchase of

---

the electricity produced by plaintiff at its hydroelectric generating facility in Washington County. Prior to 1992, the statute established a minimum sale price of six cents per kilowatt hour for such electricity (*see* Public Service Law § 66-c former [1] [a]). Although the statutory six-cent minimum was repealed in 1992 (*see* L 1992, ch 519, § 3), Public Service Law § 66-c (2) preserved or grandfathered the minimum for certain contracts executed and filed with the Public Service Commission (hereinafter PSC) on or before June 26, 1992. At issue on this appeal is whether the six-cent minimum is applicable to electricity produced by plaintiff and purchased by defendant subsequent to December 31, 2000.

The parties' initial contract concerned the electricity produced by plaintiff's 3.0 megawatt (hereinafter mW) generating facility. When plaintiff replaced that facility with a 10.5 mW facility in 1986-1987, the parties were unable to negotiate a new agreement. As a result, the PSC issued an order in December 1986 which directed that the parties enter into a long-term contract with a specified price structure for the electricity produced by the new facility. The price structure divided the facility's 10.5 mW output into two segments, the old capacity of 3.0 mW and the new increase in capacity of 7.5 mW. The price structure also divided the 30-year contract term into three periods, the first ending December 31, 2000, the second ending December 31, 2008 and the third ending December 31, 2016. In January 1987, the parties executed a contract consistent with the terms of the order.

After the end of the first period, defendant began to pay plaintiff at rates which failed to reflect the six-cent minimum provided by Public Service Law § 66-c former (1) (a), prompting plaintiff to commence this breach of contract action. Based on its interpretation of certain language contained in the PSC's December 1986 order, Supreme Court concluded that, for the second and third periods, the six-cent minimum was applicable to the 3.0 mW segment of output but not to the 7.5 mW segment. The parties cross-appealed and, as a result of defendant's abandonment and/or withdrawal of its cross appeal, the only remaining issue concerns the applicability of the six-cent minimum to the 7.5 mW segment subsequent to December 31, 2000.

In the absence of anything in the record to establish that the issue of the applicability of the six-cent minimum to rates subsequent to December 31, 2000 was actually litigated by the parties during the 1986 PSC proceeding or was necessarily decided by the PSC's December 1986 order, we are of the view

that the issue should be resolved on the basis of the grandfather provisions of Public Service Law § 66-c (2) which preserved the minimum for certain contracts. In support of its claim that the statutory minimum is applicable to the instant contract, plaintiff relies on two of the statute's provisions. The first provision applies to contracts which specifically provided for the purchase of electricity at the six-cent minimum (Public Service Law § 66-c [2] [a] [i]). For the first contract period, which ended December 31, 2000, the parties' contract provided for the purchase of electricity at six cents per kilowatt hour during the first two years and at rates which increased each year thereafter. Although this contractual price structure provided a six-cent minimum, we agree with defendant that the question of whether the statutory minimum was preserved subsequent to December 31, 2000 should not be determined by the pricing structure in place prior to that date. For the second and third periods of the contract, defendant was obligated to purchase electricity not at the statutory minimum, but rather at its "Avoided Cost," i.e., the amount it would cost defendant to generate the power itself or to purchase it from another in the wholesale market. Since the contractual price structures for the second two periods do not specify a six-cent per kilowatt hour minimum, the first statutory provision relied on by plaintiff is inapplicable.

The second of the statute's grandfather provisions relied on by plaintiff applies to contracts which provided for "the purchase of electricity at a utility tariff rate referencing a statutory minimum sales price" (Public Service Law § 66-c [2] [a] [ii]). For the second and third periods, the parties' contract did not expressly provide for the purchase of electricity at a utility tariff rate. Rather, as aforesaid, the contract provided for rates based on defendant's "Avoided Cost" and referred to a specified tariff for the definition of "Avoided Cost." Although the tariff does contain a reference to the statutory minimum, that reference does not appear to be part of the definition of "Avoided Cost." Rather, it provided a minimum for the tariff rate and not a minimum for the calculation of "Avoided Cost." Accordingly, because the contract did not provide for the purchase of electricity at the tariff rate, we conclude that the second of the grandfather provisions relied on by plaintiff is also inapplicable.

We note further that the parties' contract expressly acknowledged that the contract rate for the second period "may result in payments during this period that are less than any applicable New York State minimum payment." Plaintiff contends that this acknowledgment was limited to the effect of certain

discounts provided by the contract that were subsequently disallowed by the PSC, but we find no support in the contract for the claimed limitation. The contract expressly provided that if the discounts were not approved by the PSC, the discounts would be removed, but there was no provision for any change in the acknowledgment that the rates could result in payments below the statutory minimum. Plaintiff also relies on PSC decisions which demonstrate that defendant's attempts to avoid the statutory minimum would have been ineffective prior to its repeal. However, this case presents the very different issue of whether the repealed statutory minimum was nevertheless applicable to the parties' contract for specific contractual periods which postdate the repeal. Plaintiff's arguments are based on the theory that if the statutory minimum applied to a contract prior to the repeal, it applies thereafter. In our view, the specific, unambiguous grandfather provisions of Public Service Law § 66-c (2) are not so all-encompassing and did not preserve the statutory minimum for the second and third periods of the parties' contract, which neither specified a six-cent minimum price for those periods nor provided for a tariff rate. Accordingly, although our reasoning differs from that of Supreme Court, we agree with its result and therefore affirm the order.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs to defendant.